IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES JOE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:25-CV-79-WKW |
| ) | [WO] |
| MONTGOMERY COUNTY, MAC ) | |
| SIM BUTLER DETENTION ) | |
| FACILITY, SGT. JACKSON, CHIEF ) | |
| MURPHY, LT. TIMMONS, and ) | |
| CAPTAIN DILL, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff James Joe Martin, proceeding *pro se*, commenced this 42 U.S.C. § 1983 action alleging violations of his federally protected rights while incarcerated at the Montgomery County Detention Center in Montgomery, Alabama. In Orders entered on January 31, 2025, and April 4, 2025, Plaintiff was instructed that he "must immediately inform the court and Defendants (or, if represented, Defendants' counsel) of any change in his address" within ten days from the date of the change. (Doc. # 4 at 2; Doc. # 8 at 3.) Plaintiff further was cautioned that his failure to comply with these directives ultimately may result in dismissal of his action. (Doc. # 4 at 2; Doc. # 8 at 3.)

Thereafter, two Orders were mailed to Plaintiff at his address of record (Docs. # 8, 9) but were returned and marked as "Return To Sender" and "Inmate Released." (Docs. # 10, 11.) Plaintiff's failure to update the court with his current address or otherwise monitor the status of his action reflects a lack of interest in prosecuting his action, which cannot proceed absent Plaintiff's active participation. Plaintiff's failure to comply with the court's directives or respond by the imposed deadline constitutes a clear record of delay and/or willful contempt. Any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.*, where Plaintiff failed to act, notwithstanding being warned about a potential dismissal. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (observing that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).

Based upon the foregoing, the dismissal of this action without prejudice is appropriate. Plaintiff has failed to notify the court of a change of address, notwithstanding the clear directives that he do so. It is ORDERED that Plaintiff's action is DISMISSED without prejudice due to Plaintiff's failure to prosecute and comply with the court's orders to update his change of address.

Final judgment will be entered separately.

DONE this 21st day of April, 2025.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE